UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SUDDETH, | No.  2:14-cv-0902 AC P |
| Plaintiff, | |
| v. | ORDER |
| ADAM WEINER, et al., | |
| Defendants. | |

Plaintiff, an El Dorado County inmate, purports to seek relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff appears to be a civil detainee at the county jail awaiting judicial proceedings regarding his status as a sexually violent predator pursuant to California's Sexually Violent Predators Act, Welf. & Inst.Code 6600, et seq.  See Complaint.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted to the jurisdiction of the undersigned.  ECF No. 5.

A party commencing a civil action, suit or proceeding in a district court of the United States, except a petition for writ of habeas corpus, is required to pay the statutory filing fee of $350.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis (IFP) pursuant to 28 U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir.1999).

1  However, "[u]nlike other indigent litigants, prisoners proceeding in forma pauperis must pay the

2  full amount of filing fees in civil actions and appeals pursuant to the PLRA [Prison Litigation

3  Reform Act]."  Agyeman v. INS, 296 F.3d 871, 886 (9th Cir.2002).  Under the PLRA, a prisoner

4  is defined as "any person incarcerated or detained in any facility who is accused of, convicted of,

5  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and

6  conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915(h).

7  On the other hand, a "civil detainee" is not a "prisoner" within the meaning of the PLRA.

8  Andrews v. King, 398 F.3d 1113, 1122 (9th Cir.2005); Page v. Torrey, 201 F.3d 1136, 1139-40

9  (9th Cir. 2000).  Plaintiff has submitted an affidavit sufficient to warrant granting him in forma

10  pauperis status.[1]

11      A complaint filed by an individual proceeding IFP is subject to sua sponte dismissal to the

12  extent it contains claims which are "frivolous or malicious" or which "fail[] to state a claim upon

13  which relief may be granted, or seek[] monetary relief from a defendant who is immune from

14  such relief."  28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir.2001) (per

15  curiam) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); Lopez v.

16  Smith, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[S]ection 1915(e) not only permits, but

17  requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

18      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

19  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

20  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

21  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

22  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

23  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

24  Cir. 1989); Franklin, 745 F.2d at 1227.

25

26  [1] Although plaintiff neglected to date and sign his affidavit, he did submit a certified statement of his jail trust account showing his lack of financial assets, which he, as a civil detainee, was not

27  required to do.  Page v. Torrey, 201 F.3d at 1140 (holding one civilly committed as a SVP is required neither to provide a prisoner trust fund account statement nor to exhaust administrative

28  remedies).

2

1    A complaint must contain more than a "formulaic recitation of the elements of a cause of

2    action;" it must contain factual allegations sufficient to "raise a right to relief above the

3    speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading

4    must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of]

5    a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

6    Procedure § 1216, pp. 235-35 (3d ed. 2004).   "[A] complaint must contain sufficient factual

7    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

8    556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

9    when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10   that the defendant is liable for the misconduct alleged."  Id.

11   In reviewing a complaint under this standard, the court must accept as true the allegations

12   of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

13   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

14   the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

15   Plaintiff brings this action against the following whom he names as defendants: his court-

16   appointed counsel, Adam Weiner, and the County of El Dorado, more specifically, the Public

17   Defender's Office of the County of El Dorado, as well as the District Attorney, Mike Atwell,

18   Vern Pierson and Deputy District Attorney Dale Gomes.  Complaint at 2.  By way of this putative

19   complaint, plaintiff asks the court for "an immediate stay of all proceedings" of his case before

20   the state court.  Id. at 3.  He seeks the removal of Adam Weiner as his counsel, "would like" the

21   El Dorado County District Attorney's Office removed from his case, asks that the proceedings be

22   moved to another county and asks for an "undisclosed amount" for the "pain, suffering and

23   mental anguish" he claims the County of El Dorado has subjected him too.  Complaint, ECF No.

24   1 at 3.

25            Federal law opens two main avenues to relief on complaints related
             to imprisonment: a petition for habeas corpus, 28 U.S.C.  2254, and
26           a complaint under the Civil Rights Act of 1871, Rev. Stat.  1979, as
             amended,  42  U.S.C.    1983.  Challenges  to  the  validity  of  any
27           confinement or to particulars affecting its duration are the province
             of  habeas  corpus,  Preiser  v.  Rodriguez,  411  U.S.  475,  500,
28           [](1973);  requests  for  relief  turning  on  circumstances  of

1    confinement may be presented in a § 1983 action."

2    Muhammad v. Close, 540 U.S.749, 750 (2004) (per curiam).

3        In this case plaintiff neither challenges the conditions of his jail confinement nor does he

4    appear to be challenging the validity of his current confinement or its duration predicated on a

5    prior civil commitment proceeding.  Rather, he seeks to challenge the validity of the civil

6    commitment proceedings he is evidently presently facing.  More precisely, he asks this court to

7    forestall these proceedings, both in his complaint and in a subsequent filing which seeks a

8    temporary injunction.  ECF Nos. 1, 6.  He asks that the upcoming civil commitment proceedings

9    be move to a different county.  Id.  He alleges that the El Dorado County Public Defender's

10   Office and his subsequently appointed counsel, Adam Weiner, have shown "bias" and

11   "prejudice" with respect to SVP and sex cases in general."  ECF No. 1 at 4.  He also accuses El

12   Dorado County Deputy D.A. Dale Gomes of conspiring with the aforementioned to deny plaintiff

13   due process and a fair trial. Id.

14       As noted, plaintiff is not herein challenging the conditions of his confinement; therefore,

15   this action cannot properly proceed under § 1983.  Moreover, his claims of conspiracy are vague

16   and unsupported by material facts.  Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th

17   Cir.1989) (citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983)); Lockary v. Kayfetz, 587 F. Supp.

18   631, 639 (N. D. Cal. 1984) (conspiracy allegations must be supported by material facts and not be

19   merely conclusory statements).  In addition, in order to state a claim under 42 U.S.C. § 1983, a

20   plaintiff must allege that: (1) defendant Weiner or the Public Defender's Office was acting under

21   color of state law at the time the act complained of was committed; and (2) the defendants'

22   conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws

23   of the United States.  Parratt v. Taylor, 451 U.S. 27, 535 (1981), overruled on other grounds,

24   Daniels v. Williams, 474 U.S. 327 (1986).  Public defenders do not act under color of state law

25   for purposes of § 1983.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

26       As noted, an action under § 1983 is not the appropriate vehicle in this instance.

27   Moreover, even if plaintiff were proceeding by the appropriate path, federal courts must abstain

28

4

1    from intervening in pending or ongoing state court proceedings absent factors not presented here.

2    See Younger v. Harris, 401 U.S. 37, 45, 54 (1971) (federal courts may enjoin state officers from

3    "instituting criminal actions" only in extraordinary circumstances "where the danger of

4    irreparable loss is both great and immediate").  "Younger abstention is a 'circumscribed

5    exception to mandatory federal jurisdiction,' which applies when there is a pending state

6    proceeding that implicates important state interests and provides the federal plaintiff with an

7    opportunity to raise federal claims."  Baffert v. California Horse Racing Bd., 332 F.3d 613, 617

8    (9th Cir. 2003) (internal citation/quotation marks omitted).

9         The Supreme Court has extended the application of Younger to civil proceedings, holding

10   that abstention is required so long as the state proceedings: (1) are ongoing; (2) implicate

11   'important state interests'; and (3) provide an adequate opportunity to raise federal questions."

12   Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 882 (9th Cir. 2011) (quoting

13   Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982).

14   The Ninth Circuit "articulated an implied fourth requirement that (4) the federal court action

15   would "enjoin the proceeding, or have the practical effect of doing so."  Id., citing

16   AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1148-49 (9th Cir.2007) (internal

17   citation/quotation marks omitted).

18        The requirements for Younger abstention appear to be satisfied in the present case.  "If the

19   circumstances giving rise to Younger abstention apply, the district court must dismiss the action."

20   Baffert, 332 F.3d at 617; see also Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir.1972) (per curiam)

21   ("only in the most unusual circumstances is a defendant entitled to have federal interposition by

22   way of injunction or habeas corpus until after the jury comes in, judgment has been appealed

23   from and the case concluded in the state courts").

24        The complaint will be dismissed, and the motion for a "temporary injunction" in the form

25   of a stay of pending SVP civil commitment proceedings, in light of this dismissal, is denied as

26   moot.  Plaintiff will, however, be granted leave to amend to bring colorable claims pursuant to

27   section 1983.

28        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

5

1    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

2    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

3    each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

4    is some affirmative link or connection between a defendant's actions and the claimed deprivation.

5    Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

6    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

7    allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

8    of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

9            In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11   complaint be complete in itself without reference to any prior pleading.  This is because, as a

12   general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa

13   County, 693 F.3d 896, 927 (9th Cir. 2012) ) ("the general rule is that an amended complaint

14   super[s]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an

15   amended complaint, the original pleading no longer serves any function in the case.  Therefore, in

16   an amended complaint, as in an original complaint, each claim and the involvement of each

17   defendant must be sufficiently alleged.

18           In accordance with the above, IT IS HEREBY ORDERED that:

19           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20           2.  The complaint is dismissed for the reasons discussed above, with leave to file an

21   amended complaint within twenty-eight days from the date of service of this order.  Failure to file

22   an amended complaint will result in a recommendation that the action be dismissed.

23           3.  The motion for a "temporary injunction," ECF No. 6, is denied as moot.

24   DATED: July 23, 2014

25                                                            _____

26                                                            ALLISON CLAIRE
                                                             UNITED STATES MAGISTRATE JUDGE

27

28

                                                     6