UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY SUDDETH, | No. 2:14-cv-0902 AC P |
| Plaintiff, | |
| v. | ORDER |
| ADAM WEINER, et al., | |
| Defendants. | |

Plaintiff, who is incarcerated in the El Dorado County Jail, proceeds pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff is awaiting civil commitment proceedings under California's Sexually Violent Predators (SVP) Act, Cal. Welf. & Inst. Code §§ 6600 et seq., in the El Dorado County Superior Court. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 5.

By order filed July 24, 2014, this court dismissed plaintiff's original complaint. See ECF No. 7. The court found that the complaint failed to a state cognizable claim under Section 1983 against any named defendant, all of whom were members of the El Dorado County District Attorney's Office and Public Defender's Office. See id. at 4. The court also found that the complaint established no exception to application of the Younger abstention doctrine. See id. at

1    4-5 (citing Younger v. Harris, 401 U.S. 37, 45, 54 (1971)).  Nevertheless, the court granted

2    plaintiff leave to file an amended complaint under Section 1983.

3        Plaintiff's First Amended Complaint (FAC), filed October 24, 2014, ECF No. 10, mirrors

4    his original complaint, although entitled "The State of California, Plaintiff v. Timothy L. Suddeth,

5    Defendant."  The FAC challenges the conduct of plaintiff's appointed lawyer and public

6    defender, the district attorneys prosecuting his action, and El Dorado County.  Plaintiff seeks "an

7    immediate stay of all proceedings involving my case . . . until this [federal] complaint can be

8    heard;" the "EDC D.A.s Office to be removed from this case, and [my case] either moved to

9    another county, or to another judge in the county;" and for "an undisclosed amount of money for

10   pain; suffering; and mental anguish."  ECF No. 10 at 2.

11       Plaintiff again fails to state a cognizable claim under Section 1983.  An inmate pursuing a

12   civil rights action under Section 1983 is limited to challenging the conditions of his confinement.

13   While an inmate may challenge the fact or duration of his confinement in a federal habeas

14   petition under 28 U.S.C. § 2254, he must first exhaust his claims in the state's highest court.  A

15   federal petitioner may not challenge an ongoing state proceeding, even if it provides the rationale

16   for his incarceration.  Moreover, a concluded SVP commitment may not be challenged in a

17   Section 1983 damages action if any judgment in the plaintiff's favor would necessarily imply the

18   invalidity of his state commitment.  See Heck v. Humphrey, 512 U.S. 477, 486 (1994).

19       The court finds this action broadly precluded by the Younger abstention doctrine.  This

20   doctrine applies to ongoing state criminal proceedings, Younger, 401 U.S. at 44-5, state civil

21   proceedings, Quackenbush v. Allstate Insurance Co., 517 U.S. 706 (1996), and state quasi-

22   judicial proceedings, see e.g. Middlesex County Ethics Commission v. Garden State Bar Ass'n,

23   457 U.S. 423 (1982).  Federal abstention is warranted when the underlying state proceedings are

24   ongoing, implicate important state interests, and afford an adequate opportunity to raise federal

25   questions.  See Middlesex, supra, 457 U.S. at 432.  These criteria are clearly met in the instant

26   case – the state proceedings are ongoing, implicate important state interests reflected in

27   California's SVP Act, and afford an adequate opportunity for plaintiff to assert and pursue any

28   federal constitutional claims.

1 The instant case does not support any exception to abstention.  An exception is warranted
2 "when absolutely necessary for protection of constitutional rights," and under "extraordinary
3 circumstances, where the danger of irreparable loss is both great and immediate."  Younger, 401
4 U.S. at 45.  Plaintiff makes no such showing, instead focusing on the alleged necessity to
5 "become his own attorney," and asserting that his case is protracted, that "SVP cases are the only
6 trials that allow a person to have his trial preparations last for years."  ECF No. 10 at 2.  These
7 allegations, underscored by plaintiff's additional filings challenging various details of the
8 underlying state proceedings, see ECF No. 11-13, demonstrate that plaintiff is merely seeking this
9 court's control over the proceedings and the officials associated with it.

10 This court's assessment is consistent with that of other federal courts which have applied
11 Younger to abstain from ongoing state SVP proceedings.  See e.g. Trenier v. County of Los
12 Angeles, 114 Fed. Appx. 945 (9th Cir. 2004) ("The district court properly invoked Younger
13 abstention because [plaintiff's] federal civil rights action raises constitutional concerns that could
14 be raised in the ongoing state [SVP] proceedings."); Babinski v. Voss, 323 Fed. Appx. 617, 619,
15 2009 WL 1101552, *1 (9th Cir. 2009) ("Because the SVP proceeding itself does not violate
16 [petitioner's] rights, Younger abstention is appropriate."); Delray v. Baca, 2010 WL 3789516, *2
17 (C.D. Cal. 2010) ("other federal courts similarly have concluded that Younger abstention applies
18 to SVP proceedings") (collecting cases).

19 For these reasons, the undersigned finds that further amendment of the complaint would
20 be futile.  The court is persuaded that plaintiff is unable to allege any facts, based upon the
21 circumstances he challenges, that would state a cognizable claim.  "A district court may deny
22 leave to amend when amendment would be futile."  Hartmann v.CDCR, 707 F.3d 1114, 1130 (9th
23 Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required
24 to grant leave to amend if a complaint lacks merit entirely.").

25 Accordingly, IT IS HEREBY ORDERED that:
26 1. This action is dismissed for lack of jurisdiction; and
27 ////
28 ////

3

2. The Clerk of Court is directed to close this case.

DATED: April 30, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE